ALFREDO ROSSI & CO. *v.* UNITED STATES

**No. 4673.**—Invoice dated Genoa, Italy, August 21, 1938.
Entered at San Francisco, Calif., September 7, 1938.
Entry No. 362.

(Decided November 8, 1939)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

KEEFE, Judge: This appeal for a reappraisement involves the value of certain olive oil drums. The invoice price of the olive oil imported therein included the cost of the drums. Upon the bottom of the invoice the cost of the 99 drums is noted as $156. Among other charges included in the invoice value of the goods are ocean freight and war risk and marine insurance, totaling $682.36. The total invoice value of the goods is noted as $7,683.65. The summary of entered value, examination and appraisement on Customs Form 6417, which is sent to the appraiser with the invoice for his action, notes that from the invoice value there are deducted nondutiable charges of $682.36, thus leaving $7,001.29 as the invoice dutiable value. On entry the importer added to this sum 2½ per centum ($175.03) to equal a home consumption tax, making the total entered value $7,176.32.

When the merchandise came before the appraiser for action he indicated by means of check marks upon the appraisement summary sheet that the merchandise was appraised and advisorily classified as entered and that the quantities and dutiable packing charges were correct. The item of drums appearing among the included charges was underlined with red ink and the figures: "328—25%" were written opposite the item, indicating that the drums were advisorily classified under paragraph 328 at 25 per centum ad valorem. In other words, the appraiser found that the *per se* unit values of the imported merchandise, including the proportional amount for the 99 drums valued at $156 and the other packing charges, less the proportional amount of nondutiable charges, plus 2½ per centum home consumption tax, were equal to the entered values.

When the appraiser returned his appraisement report to the collector he also had the entry before him, disclosing that the broker filing the same had deducted the nondutiable charges as follows:

First; from the total invoice amount of the olive oil in drums he had subtracted the cost of the drums and from the sum thus obtained he had also deducted the proportional amount of the nondutiable charges and added thereto the 2½ per centum tax.

Second, he had also deducted from the cost of the drums the proportional amount of nondutiable charges and added thereto the 2½ per centum tax. Thus the value of the drums for duty purposes had been reduced in the amount of the proportional nondutiable charges and increased by the amount of the tax.

Inasmuch as the drums constitute a dutiable packing charge the nondutiable charges are not applicable thereto separately from the oil. Nor is the 2½ per centum tax to be applied thereon separately from the oil. Therefore, because of the error in apportioning the charges upon the imported merchandise, the entered value of the oil was increased and likewise, to the extent of that increase, the entered

amount of the drums was reduced. The total entered value of the merchandise after the deduction of the nondutiable charges and the addition of the tax was the same, irrespective of the manner in which the charges were apportioned.

Even though the total entered value equalled the sum of the totals of the extended *per se* values of the oil and the drums, which had been approved by the appraiser as being correct, the collector notified the importer that his goods had been advanced 6 per centum. The importer appealed for a reappraisement, contending that there had been no undervaluation of the drums, and that the drums should be liquidated at the value shown upon the consular invoice, which was the entered value and the value approved by the appraiser.

At the trial it was conceded by the plaintiffs that at the time the importers' broker prepared the entry he had stated the total dutiable value of the drums as $146 in error. However, he insisted that the entered value of the drums was $156 and that said value is the same as the appraised value. It is also noted that the appraiser notified the collector that there was no advance in value made upon the drums by his office and that the drums were appraised at $156 as shown upon the consular invoice. He also indicated that the customs broker prorated the nondutiable charges from the value of the drums so that the estimated duty upon the drums was extended and collected on a value of $146 rather than upon $156.

It is quite apparent in the situation confronting me that the invoice and entered value of the merchandise less the nondutiable charges equals the dutiable value of the merchandise. The appraiser did not advance in value any part of the merchandise or the drums.

Section 501 provides that the decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed or mailed to the United States Customs Court by the collector within 60 days after the date of the appraiser's report. The appraiser's report and the invoice do not indicate that the appraiser made any advance in value of the merchandise before him. The collector, while dissatisfied with the appraisement, failed to file an appeal for a reappraisement of the merchandise. Notwithstanding the time for appeal had expired, he determined that there had been a 6 per centum undervaluation upon the drums, although he was aware of the fact that the appraiser had not made any advance upon appraisement, thus casting the burden of appeal upon the importer when notified of the advance in value.

Therefore the question is whether or not the erroneous apportionment of the nondutiable charges amounts to a decrease in the invoiced value upon entry of the imported merchandise in question.

The total *per se* value of 19,772 kilos of olive oil is equal to 197.72 times the unit value of $31.30 per 100 kilos, as invoiced and appraised,

less the nondutiable charges applicable thereto. The value of the drums, noted upon the invoice, is included in the *per se* dutiable value of the olive oil, which is approved by the appraiser. When the appraiser underlined in red ink the invoice notation of the cost of the drums, he was merely informing the collector of the value thereof in order that the collector would be apprised of the assessment of duty to be made thereon under paragraph 328. Clearly there was no advance made in either the oil or the drums.

Inasmuch as I find that there has been no advance in value made by the appraiser, and no change in the entered value of the merchandise, and that the notice of appraisement advising the importer of an advance in value was consequently erroneous, I find no reason for disturbing the action of the appraiser. It will be noted, however, that in reappraisement proceedings this court are concerned only with the value of imported merchandise. Questions relative to errors made by brokers in figuring the amounts to be entered for duty purposes are properly raised in classification proceedings before this court.

For the reasons stated, judgment will be rendered affirming the appraiser's finding that the 99 drums containing olive oil are properly valued at $156 and included in the unit value of the oil.